IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bernard Maloyd, | ) | C/A No.: 1:11-2298-JFA-SVH |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Aiken County Sheriff Office Detention Center; Aiken Co. Detention Center Medical Dept.; Aiken Co. Detention Center Dentist (Dr. S. Taylor Garnett), | ) | |
| Defendants. | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a pretrial detainee incarcerated at Aiken County Detention Center ("ACDC") and brings this action against alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint in this case without prejudice and without issuance and service of process as to two of the three defendants.

I.      Factual and Procedural Background

Plaintiff alleges that on July 15, 2011, he was treated by dentist S. Taylor Garnett ("Dr. Garnett") at the ACDC and that Dr. Garnett attempted to extract one of Plaintiff's teeth which had cracked in half. [Entry #1 at 3]. According to Plaintiff, Dr. Garnett caused him discomfort, seemed "unaware of what he was doing," and only extracted part

of the cracked tooth. *Id*. Plaintiff alleges that Dr. Garnett told a nurse to place Plaintiff's name on the dental list to be seen in the future so that the remainder of the tooth could be extracted. *Id*. Plaintiff further claims that he left his dental visit with no medication and was told he must submit a medical request to obtain pain medicine. *Id*. Plaintiff alleges that his gums have been swollen and that he has been in pain ever since the extraction, and the pain and discomfort restricts him from eating and sleeping. [Entry #1 at 3].

II.     Discussion

    A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94

(2007).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

Pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements to state a cognizable claim: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  It is well-settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person."  *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978).  Defendant "Aiken County Sheriff Office Detention Center" is a department, group of buildings, or a facility.  Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law.  *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a detention center is not amenable to suit under § 1983).  Similarly, the "Aiken Co. Detention Center Medical Dept." may be a facility or department, or, at most, may

include an group of people working in the medical department. However, groups of people are not amenable to suit under § 1983. *Id.* (finding that Food Service Supervisors was a group of people not subject to suit); *see also Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983). Therefore, because Defendants Aiken County Sheriff Office Detention Center and Aiken Co. Detention Center Medical Dept. are not individual "persons" pursuant to § 1983, Plaintiff has failed to state a claim on which relief may be granted as to them. It is recommended that these two defendants be dismissed.

III.     Conclusion

For the foregoing reasons, it is recommended that the district judge dismiss Aiken County Sheriff Office Detention Center and Aiken Co. Detention Center Medical Dept. from this action without prejudice and without service of process. In a separately-filed order, the undersigned is authorizing service of process upon Dr. Garnett.

IT IS SO RECOMMENDED.

October 4, 2011                                    Shiva V. Hodges
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**